UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WYF (XXX-XX-9308)                    CIVIL ACTION NO. 09-cv-0132

VERSUS                                JUDGE HICKS

US COMMISSIONER SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff is a male who was born in 1967 and has a high school education. He has past work experience as a construction and logging worker, and he was injured in 2000 and 2005 while working in the woods. He has applied for disability benefits. A prior application was denied and became final. Plaintiff later filed this current application, on which he must establish a disability within the meaning of the regulations between the October 20, 2006 denial of the earlier decision and the July 2008 decision of this application by ALJ Charles Lindsay, which became the Commissioner's final decision when the Appeals Council denied a request for review. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is

more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). See also Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found that Plaintiff had not engaged in substantial gainful activity since October 21, 2006 (step one) and that he suffered from the following "severe impairments" (step two) within the meaning of the regulations: Fractured distal tibia and fibula, post-op open reduction internal fixation with an interlocking rod, degenerative arthritis of the lumbosacral spine at L5-S1, and arthralgia with limited motion of the right shoulder. The impairments were deemed severe but not to the extent that they met or equaled a listed impairment (step three) that would require a finding of disability without regard to the claimant's age, work experience, or other factors.

The ALJ then reviewed the medical evidence and testimony to determine Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to perform

sedentary work[1], reduced by the following additional limitations: frequently can do postural activities, but is unable to climb ladders, ropes, or scaffolds; requires an option to alternate between sitting and standing positions as needed; occasionally needs a cane for ambulation; unable to reach overhead, but otherwise can frequently reach, handle and finger.

The ALJ next found that this RFC did not allow Plaintiff to perform the demands of any of his past relevant work (step four). He then turned to step five, which asks whether, considering the claimant's RFC, age, education, and work experience, there are jobs that exist in significant numbers that the claimant can perform. At the fifth step, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely <u>exclusively</u> on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's nonexertional impairments do not significantly affect his RFC. Id. § 404.1569; <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987). If nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the

---

[1]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security Ruling 83-10 explains that a job involves walking and standing "occasionally" if those tasks generally total no more than about 2 hours of an 8-hour workday, with the other six or so hours spent sitting.

Guidelines for <u>guidance</u> but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. <u>Fraga</u>, <u>supra</u>.

The ALJ found that Plaintiff had additional limitations that did not permit exclusive reliance on the guidelines. He heard the testimony of Vocational Expert ("VE") Joni Crayton. The VE identified two jobs, telephone information clerk and document preparer, that are defined in the Dictionary of Occupational Titles and that a person with Plaintiff's abilities and background could perform. She testified that there are 98,000 telephone information clerk jobs nationally, with 1,200 such jobs in Louisiana. She said there were about 62,000 document preparer jobs nationally, with 800 such jobs in Louisiana. Based on that testimony, the ALJ found at step five that Plaintiff was not disabled because he could perform the demands of available jobs.

Plaintiff has filed a pro se brief. He complains that he is still in bad condition due to his injuries, has no money to pay for doctors or medication, and has no transportation. The Commissioner filed a brief that defended the agency decision. Plaintiff then filed a reply in which he claimed that both the VE and consulting physician, Dr. Clint McAlister, lied. The ALJ relied heavily on the report of Dr. McAlister, which is the only documented examination of Plaintiff during the relevant time. Dr. McAlister found that Plaintiff had some limitations from his injuries but was generally well healed. He opined that Plaintiff's perception of his pain level and disability were greater than what was supported by the objective medical findings. Dr. McAlister stated in his report (Tr. 200-09) and a followup letter (Tr. 211-12)

that Plaintiff could perform light work. An agency physician reviewed the evidence in the record and also made findings that Plaintiff could perform the demands of light work. Tr. 215-22. The ALJ found, to Plaintiff's benefit, that Plaintiff was more limited and assessed Plaintiff with an RFC for only sedentary work. Tr. 12-13. There is no factual basis to support Plaintiff's assertion that Dr. McAlister lied in his report, and the report provides substantial evidence for the RFC found by the ALJ.

Plaintiff's complaint that the VE lied is also unsupported. Plaintiff complains that the VE is listed under two different names in the record, Joni Crayton and Joanie Crichton. That is merely because the hearings are recorded and, if an appeal is filed, later transcribed by a transcriptionist in another state who is not familiar with the correct spelling of local people and places. Such misspellings are common in social security transcripts. Another example in this transcript is the reference to Plaintiff's attorney as "Radcliff" when his actual name is Ratcliff. Tr. 54. There is no reversible error in such simple mistakes in the transcript.

Plaintiff complains in his brief that he cannot afford his medication. There is authority that, when medical treatment would remedy a condition, a person is still considered disabled if he is unable to afford the treatment. See Cornett v. Astrue, 261 Fed. Appx. 644, 650 n.3 (5th Cir. 2008). Plaintiff testified at the hearing that he was taking hydrocodone, Advil, and Tylenol, as well as high blood pressure medication. Plaintiff said he was then taking the medications, and he went on to describe the side effects. Tr. 66-67. He made no mention of an inability to afford medication. This court must base its decision on the record

of the agency proceedings, and that record does not support this claim. If Plaintiff is now unable to afford his medication, and that has increased his limitations, that would have to be the subject of a new application.

Finally, Plaintiff complains that the telephone job discussed by the VE does not exist. The VE's testimony on this point was based on national statistics that are accepted by the Agency as reliable evidence in such proceedings. The VE also identified the number of jobs available nationally, in Texas, and in Louisiana. Plaintiff complains that he cannot go to Texas for a job, but the VE identified a significant number of jobs in Louisiana as well.

The regulations are not designed to award disability based on whether a particular claimant can actually find and be hired for a certain job in the place where she lives. Rather, the regulations deem a person not disabled if he retains the RFC to perform the functional demands and job duties of past relevant work or other work that exists in the national economy and exists in significant numbers in the regional economy. The ALJ may look to sources such as the Dictionary of Occupational Titles or a VE to find the ordinary requirements of a job and whether statistical or other evidence shows it is available in significant numbers in the relevant economy. The inability of a particular claimant to find that job in her neighborhood or community is not relevant. If that were not the rule, persons who live in isolated areas or areas of high unemployment would be disabled when a person suffering the same or greater limitations in a more urban or economically fortunate area would be denied benefits. The regulations specifically state that a person will be found not

disabled if his RFC and vocational abilities make it possible for him to do work which exists in the national economy even if the claimant remains unemployed because of his inability to get work, lack of job openings, cyclical economic conditions, or lack of work in the claimant's local area. 20 C.F.R. § 404.1566 and 416.966; Pekrul v. Barnhart, 2005 WL 3032460 (5th Cir. 2005) (ALJ did not have to find jobs existed in county where claimant resided if significant numbers of jobs existed in the state).

**Conclusion**

The court's limited role in Social Security cases such as this is to review the agency record and determine whether there was substantial evidence to support the ALJ's decision. The court does not get to decide the case anew. The undersigned has reviewed the ALJ's decision, compared it to the evidence in the record, and considered Plaintiff's arguments. The ALJ's decision is supported by substantial evidence in the record, so it must be affirmed.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2010.

                                        MARK L. HORNSBY
                                    UNITED STATES MAGISTRATE JUDGE